IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY McQUOWN,

        Civil No. 06-1343-BR

        **Petitioner,**

        OPINION AND ORDER

   **v.**

SHARON BLACKETTER,

        **Respondent.**

       **JEFFREY McQUOWN**
       SID #13340577
       Eastern Oregon Correctional Institution
       2500 Westgate
       Pendleton, OR 97801

           Petitioner *Pro Se*

       **HARDY MYERS**
       Attorney General
       **LYNN DAVID LARSEN**
       Assistant Attorney General
       Department of Justice
       1162 Court Street N.E.
       Salem, OR  97301

           Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 *pro se*.  For the reasons that follow, the Petition for Writ of Habeas Corpus is DENIED, and this action is DISMISSED.

## BACKGROUND

On December 20, 1999, Petitioner was convicted after pleading guilty to Rape in the First Degree and Sodomy in the First Degree. The trial judge sentenced Petitioner to consecutive 100-month terms of imprisonment.

Petitioner did not directly appeal his convictions.  On May 4, 2005, Petitioner filed a petition for state post-conviction relief ("PCR").  The PCR trial judge dismissed the petition as time-barred.  The Oregon Court of Appeals affirmed the dismissal without opinion, and the Oregon Supreme Court denied review. *McQuown v. Blacketter*, 206 Or. App. 768, 140 P.3d 582, *rev. denied*, 341 Or. 366, 143 P.3d 239 (2006).  The appellate judgment issued on October 23, 2006.

On September 20, 2006, Petitioner filed his Petition for Writ of Habeas Corpus in this Court.  Petitioner alleges two claims for relief:

> **Ground One:**  Petitioner's U.S. Const. Amend. VI, XIV were violated when trial counsel failed to object to aggravated sentences based on facts not found beyond a reasonable doubt.

2 - OPINION AND ORDER -

**Ground Two:**  Petitioner's U.S. Const. Amend. VI, XIV were violated by Oregon statutes that violate constitutional principles set down in *Blakely*[1] and *Apprendi*[2].

Respondent argues the Petition for Writ of Habeas Corpus should be dismissed as untimely.  Petitioner was given the opportunity to file a reply brief in support of his Petition, but did not do so.  In his Petition, however, Petitioner contends the limitation period commenced on June 24, 2004, the date the United States Supreme Court issued its decision in *Blakely*.

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA imposes a one year limitation period on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244(d)(1) provides in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]

\* \* \*

(C) the date on which the constitutional right asserted was initially recognized by the Supreme

---

[1]*Blakely v. Washington*, 542 U.S. 296 (2004)

[2]*Apprendi v. New Jersey*, 530 U.S. 466 (2000).

3 - OPINION AND ORDER -

> Court if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to
> cases on collateral review;
>
> * * *
>
> (2) The time during which a properly filed application
> for State post-conviction or other collateral review
> with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of
> limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner was convicted on December 22, 1999.  He had
30 days from the date of the trial court judgment to file a direct
appeal.  Or. Rev. Stat. § 19.255(1).  Adding the additional 90
days thereafter within which Petitioner could seek *certiorari* from
the United States Supreme Court as required by *Bowen v. Roe*, 188
F.3d 1157 (9th Cir. 1999), Petitioner's statute of limitations
began to run on April 20, 2000.  Thereafter, Petitioner would have
had one year, or until April 20, 2001, to file his federal
petition.  As noted, Petitioner filed this action more than five
years after the limitation period expired.  Thus, unless
Petitioner has been "saved" by either statutory or equitable
tolling under the AEDPA, his petition is untimely and must be
dismissed.

The AEDPA limitation period is tolled during the time which
a properly filed application for state post-conviction relief
remains pending.  28 U.S.C. § 2244(d)(2).  Here, however,
Petitioner did not file his state PCR petition until May 4, 2005,

4 - OPINION AND ORDER -

well after the 1-year limitation period expired. Thus, Petitioner's PCR petition did not toll the statute of limitations prior to its lapse.

The AEDPA limitation period is also subject to equitable tolling if extraordinary circumstances beyond a prisoner's control have made it impossible for the petition to be filed on time. *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Other than his references to *Blakely* and *Apprendi*, which are discussed below, Petitioner presents no evidence that extraordinary circumstances beyond his control prevented him from timely filing a federal habeas corpus action. Thus, Petitioner is not entitled to equitable tolling.

Finally, to the extent Petitioner argues the AEDPA limitation period did not commence until the *Blakely* decision was issued on June 24, 2004, he is incorrect. Neither *Apprendi* nor *Blakely* have been given retroactive application to cases on collateral review. *See Harris v. United States*, 536 U.S. 545, 581 (2002) (Thomas, J., dissenting) ("[n]o Court of Appeals, let alone this Court, has held that *Apprendi* has retroactive effect"); *United States v. Sanchez-Cervantes*, 282 F.3d 664, 671 (9th Cir.) (*Apprendi* does not apply retroactively to cases on initial collateral review), *cert. denied*, 537 U.S. 939 (2002); *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005) (*Blakely* could not be applied retroactively on

collateral review).   Thus, § 2244(d)(1)(C) does not save Petitioner's otherwise untimely filing.

**CONCLUSION**

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus as untimely, and **DISMISSES** this action.

IT IS SO ORDERED.

DATED this __31st__ day of August, 2007.


                                    /s/ Anna J. Brown
                                ANNA J. BROWN
                                United States District Judge


6 - OPINION AND ORDER -          P:\Brown-LawClerks\06-1343mcquown0904opin.wpd